UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00497-SVW-MAA | Date | March 28, 2023 |
|---|---|---|---|
| Title | *Temecula Valley Emergency Physicians, Inc. et al v. Blue Cross of California et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND [27]

Before the Court is a motion to remand by Plaintiffs Shirley Williams. ECF No. 27. For the foregoing reasons, the Court GRANTS Plaintiffs' motion for remand.

Briefly, the present case revolves around allegations that Defendants paid less than the reasonable value of emergency medical services when Plaintiffs submitted reimbursement requests to Defendant. ECF No. 1 at ¶ 2. Specifically, Plaintiffs contend that Defendants engaged in policies and practice designed to artificially downgrade Plaintiffs' claims for reimbursement for emergency services. *Id.* Based off these allegations, Plaintiffs bring causes of actions under state law for quantum meruit, open book account, services rendered, intentional interference with prospective economic relations, and unfair competition. *Id.*

The case was initially filed in state court on February 14, 2022. *Id.* at ¶ 1. Plaintiffs' complaint did not specify the exact insurance claims at issue and on April 14, 2022, Plaintiffs provided Defendant with a list of the medical claims at issue. *Id.* at ¶¶ 3-4. On August 23, 2022, Defendant asked Plaintiffs to provide additional information regarding medical claims relating to over 16,700 patients identified in Plaintiffs' First Claims List. *Id.* at ¶ 5. On November 7, 2022, Plaintiffs provided a revised list of the medical claims at issue. *Id.* at ¶ 6. During the course of Defendant's investigation, Defendant learned that a portion of the claims, over 1,100 claims in Plaintiffs' Second Claims List pertained to members of Medicare and other federal government plan and asked whether Plaintiffs intend to pursue these claims in this action. *Id.* at ¶ 8. The case was then removed to federal court on January 23, 2023 on the basis for Federal Question and Federal Officer Jurisdiction. ECF No. 1. Plaintiffs bring this instant motion to remand. ECF No. 27.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00497-SVW-MAA | Date | March 28, 2023 |
|---|---|---|---|
| Title | *Temecula Valley Emergency Physicians, Inc. et al v. Blue Cross of California et al* | | |

Plaintiffs levy both procedural and substantive challenges to the propriety of the removal, contending that removal was untimely and that the Court lacks subject matter jurisdiction. Because the Court agrees that it lacks subject matter jurisdiction, the Court need not address Plaintiffs' procedural arguments.

Here, Defendants claim two grounds for subject matter jurisdiction: Federal Question Jurisdiction and Federal Officer Jurisdiction. Specifically, Defendant contends that Federal Question and Federal Officer Jurisdiction are implicated because Plaintiffs seek to hold Defendant liable for its handling of federal insurance claims. ECF No 1. at ¶¶ 17-41. Thus, the crux of Defendant's jurisdictional arguments is the presence of federal insurance claims in Plaintiffs' case.

Plaintiffs have noted multiple times in its moving papers that they have no intention of proceeding with any governmental claims and if it is proven that the 1,100 allegedly federal insurance claims are in fact federal insurance claims, Plaintiffs will not pursue those claims. *See* Mot. 16 ("[Plaintiffs] have made it clear in correspondence to Anthem that they have no intention of pursuing any government claims, whether under Medicare Advantage, FEHBA, or any other government program"); Reply at 5 ("As the [Plaintiffs] have repeated *ad nauseam*, they have no intention of pursuing any claims that a reliably demonstrated to be government claims); *Id.* ("upon receiving Anthem's Opposition, [Plaintiffs] […] offered to stipulate to the fact that they would not pursue any government claims.").

Moreover, at the hearing held on March 6, 2023, Plaintiffs confirmed on the record that Plaintiffs were not seeking recovery on any federal insurance claims of any kind. Given these repeated, express, and unequivocal disclaimers by Plaintiffs, the Court will take Plaintiffs at their word. As a result, this Court lacks subject matter jurisdiction, whether or not the 1,100 claims in question are in fact federal insurance claims. If these claims are federal insurance claims, Plaintiffs have disclaimed them.[1] If these

---

[1] To the extent that Defendants are concerned of the possibility that Plaintiffs will re-assert federal insurance claims into the case, such actions may be prohibited under a theory of judicial estoppel. *See Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 600 (9th Cir. 1996) ("Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.")

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-00497-SVW-MAA | Date | March 28, 2023 |
|---|---|---|---|
| Title | *Temecula Valley Emergency Physicians, Inc. et al v. Blue Cross of California et al* | | |

claims are not federal insurance claims, then the Court obviously lacks subject matter jurisdiction. Accordingly, Plaintiffs' motion is GRANTED.

Furthermore, Plaintiffs' request for attorney's fees is DENIED. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, the Court cannot find that Defendants lacked an objectively unreasonable basis for removal. And although Plaintiffs had repeatedly stated that they would not be pursing governmental insurance claims, Defendants did not have the benefit of a Court order holding Plaintiffs to this position. Accordingly, the Court finds that sanctions are not warranted.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |